IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STEPHEN C. OBAMAS                                                                                          PLAINTIFF

        v.                    Civil No. 14-2105

SHERIFF JIMMY DORNEY, Johnson
County, Arkansas; CHIEF DEPUTY DEVON
BRAMBLETT, Franklin County Sheriff's
Department; and JOHN DOE, Jailer,
Franklin County Detention Center                                                                      DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Stephen C. Obamas, an inmate of the Arkansas Department of Correction (ADC), Grimes Unit, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has submitted an application to proceed *in forma pauperis* (IFP).

### I. Discussion

As part of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, which governs proceedings filed IFP, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee but can do so in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failing to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner
> has, on three or more prior occasions, while incarcerated or detained in any facility,
> brought an action . . . in a court of the United States that was dismissed on the

>grounds that it is frivolous, malicious, or fails to state a claim upon which relief may
>be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges.  *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

Plaintiff has at least three previous actions that qualify as strikes against him under section 1915(g).  In this regard, it is important to note that the Plaintiff has filed lawsuits under the name Steven Cody, Stephen Cody, Steven Donnelle Cody, Stephen C. Obamas, and Bishmael H. Obamas.  All variations of Plaintiff's name contain the same ADC number 145160.  The ADC lists his name as "Cody/Obama, Steven/Isma D."

Among the cases that count as strikes against the Plaintiff are the following:  *Cody v. Arkansas Food Bank Network, et al.,* Civil No. 4:09cv-00089 (E.D. AR; dismissed as frivolous on February 9, 2009); *Cody v. Harris, et al.,* Civil No. 4:09-cv-00145 (E.D. AR; dismissed as frivolous on March 18, 2009); *Forrest, Cody, et al. v. Bowers, et al.*, Civil No. 1:11-cv-00026 (E.D. AR; dismissed as frivolous on Mary 31, 2011).  In addition, Plaintiff has had at least two cases dismissed based on the three strikes provision, *Elps, Cody et al. v. Lewis, et al*, Civil No. 5:11-00165 (E.D. AR; dismissed on July 11, 2011); *Cody v. Margaret, et al.*, Civil No. 10-6070 (W.D. AR; dismissed January 7, 2014).  In yet another case, I have recommended that the grant of IFP status be revoked by virtue of the three strikes provision.  *See Obamas v. Godfrey, et al.,* Civil No. 13-2246.

Plaintiff has not alleged any facts to indicate that he is currently under imminent danger of serious physical injury.  *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary

reports). Plaintiff is no longer incarcerated in Johnson or Franklin Counties and presently has no interaction with any of the named Defendants. Therefore, Plaintiff is not eligible for IFP status.

## II. Conclusion

Accordingly, I recommend that Plaintiff's motion to proceed IFP status be denied and that this action be dismissed without prejudice to Plaintiff's right to re-open it with payment of the appropriate filing fee. *See Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997) (revoking IFP status under section 1915(g) and dismissing action without prejudice to inmate's right to re-file it upon payment of filing fee).

It should be noted that, in the event that Plaintiff tenders the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any requested subpoenas.

**The Plaintiff is fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of May 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

3